This is a motion to open a decree of foreclosure in order that exceptions to a master's report may be heard and determined, and new evidence taken. *Page 139 
The facts are as follows: Theodore J. Harrington, solicitor and of counsel with defendants, Jennie Romel and Adolph Romel, her husband, filed an answer to a bill filed February 13th, 1926, to foreclose a bond and mortgage made and executed by said defendants to Anton Cznzas, assignor, in the sum of $2,000, dated March 1st, 1924, subsequently assigned October 29th, 1925, to Adam Masionis, the assignee and complainant in this suit.
In pursuance to an order bearing date June 19th, 1926, it was referred to Lionel P. Kristeller, Esq., one of the masters of the court of chancery, to ascertain and report the amount due the complainant, Adam Masionis, for principal and interest upon said mortgage.
At the hearing, defendants, Jennie Romel and Adolph Romel, her husband, appeared with their counsel, Theodore J. Harrington, the solicitor of record, on July 2d last.
The master filed a report in favor of the complainant, Adam Masionis, in the full amount, with interest from July 1st, 1925, to which report exceptions were filed.
On August 10th, 1926, a notice was served on solicitor of defendants, stating that on August 17th, 1926, at the state house, at Trenton, counsel would apply to the chancellor to move the argument on the exceptions taken by him to the report filed by the master. On that date complainant's counsel appeared before the chancellor, and on failure of Theodore J. Harrington, solicitor, to appear, the exceptions were dismissed and a final decree entered and fieri facias issued.
On August 25th, 1926, Theodore J. Harrington, solicitor, served on complainant's solicitor a notice of application to take additional testimony, and that on the 31st day of August, 1926, at the state house, at Trenton, he would apply to the chancellor for such order and for such other order as the court might grant, serving with said notice affidavits of Jennie Romel and Charles Wolinski. Complainant's counsel again appeared before the chancellor. Solicitor of defendants failed to appear. The chancellor denied the motion.
On September 27th, 1926, William R. Wilson, not the *Page 140 
solicitor of record, appeared before me with a petition and affidavits of Adolph Romel, Jennie Romel and Charles Wolinski, and obtained a rule to show cause returnable October 13th, 1926.
After this it was called to my attention that the chancellor himself denied a similar application to take additional testimony, made August 31st, 1926, and I then entered an order vacating the said rule to show cause.
On October 6th, 1926, the day set for the sheriff's sale of the mortgaged premises, William R. Wilson again made a similar application before the chancellor, at the state house, at Trenton. The chancellor granted a rule to show cause, returnable on the 19th day of October, 1926, why the final decree theretofore entered in this cause should not be opened and in the same order directed that this matter be referred to me to hear and determine the same.
The dispute is as to whether a payment of $500 was or was not made on this mortgage. The matter was discussed thoroughly before the master, who found that the defendants had not established the fact of such payment. I have read the testimony taken and I agree with the master. A paper purporting to be a receipt signed by Anton Cznzas was produced, which the defendant insists was signed by him. She called her husband to corroborate her, which he failed to do. Cznzas denies that the receipt is signed by him. Indeed, taking the testimony as a whole, there is a question as to whether this receipt was not manufactured after the foreclosure proceedings were begun. The additional affidavits filed are entirely too vague to be of any value.
The defendants have had their day in court and they failed to convince the master as to the authenticity of the so-called receipt.
The evidence, as I have said, does not convince me, either. Any further evidence now produced after the proceedings have been practically completed would, in this case, I think, be open to grave suspicion.
I shall advise a decree denying the motion to re-open. *Page 141